IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH EUGENE BARRON

    Petitioner

                                 Civil Action No. WMN-07-1604
                                 (Related Crim. Case WMN-94-306)
UNITED STATES OF AMERICA      ECF Exempt

    Respondent

oOo

## MEMORANDUM

The above-captioned case was filed on June 18, 2007. The pro se petition, entitled "Petition for a Writ of Error Coram Nobis and/or Audita Querela, to Vacate the Judgment, Brought under the All Writs Act," seeks review of the sentencing proceedings following Petitioner's criminal conviction. Paper No. 71. For the reasons that follow, the court determines that the motion is properly construed under 28 U.S.C. §2255 and must be dismissed without prejudice for lack of jurisdiction.

Petitioner states he was convicted in this court of firearms offenses on December 8, 1994. His conviction was affirmed on appeal by the Fourth Circuit Court of Appeals. Petitioner's first §2255 motion, filed September 4, 2001, was denied by order entered on September 25, 2001 Papers Nos. 61 and 62. Petitioner's second § 2255 motion, filed October 7, 2005, was denied by memorandum and order entered on October 18, 2005. Papers No. 67, 68 and 69. Here Petitioner asserts that his conviction is unconstitutional because he was convicted and punished for a single offense in three separate counts of an indictment. Paper No. 71 at p.10. Regardless of the label used in the instant petition, it is the subject and not its title which determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998). A collateral challenge to a federal criminal

conviction is reviewed under 28 U.S.C. § 2255. Petitioner may not circumvent the limitations on successive collateral review by attaching a different label to his pleading. *See United States v. Winestock*, 340 F. 3d 200, 203 (4th Cir. 2003) (citing *Calderon*, 523 U.S. at 553). The instant motion represents a successive §2255 challenge to Petitioner's convictions. Where a petitioner who has previously filed a §2255 motion attempts to raise a new claim for relief, it must be treated as a successive motion and dismissed. *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998). Regardless of the label used it is the subject matter of the motion and not its title which determines its status. *See Calderon*, 523 U.S. at 553-54; *Winestock*, 340 F.3d at 203.

As a successive § 2255 motion, the merits of the instant petition may not be considered absent leave to do so from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*).[1] Since Petitioner has failed to comply with the procedural requirements for a second or successive petition, the motion will be dismissed without prejudice by separate order.

6/30/07
Date

William M. Nickerson
United States District Judge

---

[1] Attached hereto are the instructions issued by the United States Court of Appeals for the Fourth Circuit to obtain the aforementioned authorization. The procedural requirements and deadlines for filing the motion are extensive. It is to be emphasized that Petitioner must file the pleading with the Fourth Circuit Court of Appeals and obtain authorization to file a successive petition before this District Court may consider a request for collateral review.